UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN PECO

Plaintiff

v.                                                                                         Case No.:  8:21-CV-1917

JEFFRY KNIGHT INC.
and JEFFRY KNIGHT,

DEFENDANTS
_____.

**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL**

Plaintiff, JUSTIN PECO herein sues Defendants JEFFRY KNIGHT, INC. (JKI), formerly d/b/a KNIGHT ENTERPRISES, and JEFFRY KNIGHT individually (hereinafter, "Knight") (collectively with JKI, "Defendants") for knowingly and willfully violating the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* by failing to pay overtime compensation and a premium for all hours worked over forty (40) in each workweek pursuant to FLSA, 29 U.S.C. §207.

**JURISDICTION AND PARTIES**

1. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. §216.

2. Plaintiff Justin Peco is a resident of this district, was hired by Defendants as a non-exempt employee under the title or position of "installer

technician" (aka tech or cable installer) on or about April 2017, and at some point thereafter worked under the title or position of "Lead Technician" until on or about September, 2019, when he continued working for Defendants as a misclassified, Independent Contractor.

3. Defendant JEFFRY KNIGHT, INC. formerly doing business as d/b/a KNIGHT ENTERPRISES (hereinafter, "Knight Enterprises"), is a Florida for profit corporation with a principal place of business at 301 South Missouri Avenue, Clearwater, Florida 33756-5833. Defendant JKI installed high-speed internet, cable television, and telephone services for various cable companies. Defendant JKI may be served through its registered agent: Weber, Timothy W, Esq., located at 5453 Central Avenue, St Petersburg, FL 33710, and who is also Defendant's attorney.

4. Plaintiff ultimately reported to Defendants at its corporate office located in Clearwater, Florida, and under the complete direction and control of the CEO, Jeffry Knight.

5. Defendant Jeffry Knight is the CEO and Director of Defendant Jeffry Knight, Inc. formerly d/b/a Knight Enterprise, and is a resident within this district and subject to personal jurisdiction by this court.

6. Upon information and belief Jeffry Knight created, implemented and ratified the company's overtime policies, as well as having day to day operational control and management of the business affairs of Jeffry Knight Inc.

7. Defendants are employers within the meaning of the FLSA 29 U.S. Code §203, and subject to the FLSA under Enterprise coverage, as during the relevant times, JKI had annual revenues greater than $500,000, employed more than two (2) full time persons. Defendants also were engaged in interstate commerce at all times material hereto.

## STATEMENT OF FACTS

8. Knight Enterprises is a telecommunications company that contracts with other companies, such as Spectrum, a subsidiary of Charter Communications Inc. (fka Bright House Networks), to install, repair, or construct the facilities for high-speed internet, cable television, and telephone services for consumers.

9. Defendants employed Cable Installers or Installer Technicians (hereinafter, "Cable Installers" or "techs") as W-2 employees and as independent contractors to perform such installation, repair, and construction services commonly referred to by both parties as "jobs". Some of these jobs may have been performed at commercial locations, but most of them were performed at residential locations.

10. Cable Installers primarily work out in the field, meaning they travel from job site to job site, primarily a customer's residence, to complete assigned installation or repair jobs, including cable, telephone and internet services and equipment.

11. Upon information and belief, Defendants earned a fee or some percentage of income from the contracted cable company for each job completed by Defendants' Techs.

12. Plaintiff Peco was hired as a non-exempt Installer Technician, and advised he was eligible and entitled to overtime pay.

13. Shortly after Peco commenced with his employment, he was promoted to a "Lead Tech" position without apparent change in his compensation plan or any notification of a change in his compensation plan.

14. However, Defendant did not track the work hours of Plaintiff, and did not pay him premiums for overtime hours worked.

15. Plaintiff routinely worked more than 40 hours in a week throughout his employment, which was both required by Defendants and who were both aware that Plaintiff was working greater than 40 hours in workweeks.

16. Plaintiff Peco, upon information and belief, primarily and most, if not all of the time was not paid a premium for overtime hours worked.

17. Further, Defendants did not track and record the work hours of Peco while working as a Lead Technician, and simultaneously led Peco to believe that he was exempt or not eligible for overtime premiums while working as a lead technician.

18. Defendants cannot dispute or refute that Peco routinely worked more than 40 hours per week during his term of employment, and that the job of the lead tech required him and other lead techs to work overtime hours.

19. The Lead Cable Installation Technicians primary job duties and responsibilities included performing the same work as the cable installation technicians, aside from additionally handling quality control, and some role in route or job assignments of independent contractors.

20. Additionally, Defendants both ordered and offered Cable Installers to work six days in a week, meaning working on weekends.

21. Defendants engaged in a scheme and plan to avoid paying Plaintiff overtime wages and premiums due and owing under the FLSA as Defendants permitted, and even required Plaintiffs to suffer to work off the clock.

22. Plaintiff Peco performed his job duties and responsibilities as a lead technician under the understanding from communications from Defendants that he was not getting paid premiums for all his overtime hours worked, although without reference to any specific exemption under the FLSA.

23. Defendants knew that the work of a Cable Installer (aka Installer Technician), including the Lead Technician position are FLSA non-exempt positions and primarily involved the performance of well recognized non-exempt job duties.

24. Indeed, Defendants have faced the same claims from many of its Cable Installer (techs) workers in previous cases such as: *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013); *Weckesser v. Knight Enters. S.E. , LLC* , 735 F. App'x 816 (4th Cir. 2018); and *Huerta et al. v. Jeffry Knight, Inc. d/b/a Knight Enterprises*, Case 8:14-cv-01624-EAK-TBM (M.D. Fla. 2014).

25. Further, Defendants paid the Cable Installers in *Scantland* the sum of $475,000.00 in payment of their unpaid overtime wages. *See Scantland,* 8:09-cv-01985-EAK-TBM (DE 249-1).

26. Likewise, in *Weckesser v. Knight Enters. S.E., LLC*, Defendants paid the Cable Installers part of the suit the sum of $325,000 for their overtime wages claimed. *See Weckesser,* 2:16-cv-02053-RMG (DE 157).

27. Upon information and belief, Defendants also were subjected to a claim and investigation by and through the DOL which also resulted in Defendants paying wages to Techs for violations of the FLSA and including a finding or determination that Defendants had violated the FLSA.

28. Defendants have a history of violating the FLSA and failing to pay wages earned by techs, and here engaged in a scheme to avoid paying overtime wages to Plaintiff and other Lead Techs by willfully misclassifying them as exempt.

29. Plaintiff did not supervise the work of 2 or more full time employees.

30. Plaintiff's primary job duty did not involve the exercise of discretion and independent judgment in matters of significance.

31. Plaintiffs work was part of production, providing services to customers and performing laborious work.

32. Upon information and belief, Defendants did not obtain any legal opinion which supported classifying lead techs, and specifically Plaintiff, as exempt from overtime pay under the FLSA prior to hiring Plaintiff, and do not have any good faith basis under the FLSA for classifying him as exempt from overtime pay.

## COUNT I
## FAILURE TO PAY OVERTIME COMPENSATION
## PURSUANT TO THE FLSA 29 U.S.C. § 216(b)

33. All preceding paragraphs are realleged and incorporated as if fully set forth herein.

34. The actions of Defendants as set forth above in failing to pay overtime premiums to Plaintiff constitutes a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

35. Alternatively, Defendants acted with reckless disregard for the requirements of the FLSA, and its obligations to pay overtime premiums to Plaintiff.

36. The positions of Cable Installer, Installer Technician and Lead Technician do not qualify or meet any known exemption under the FLSA, and Defendants knew.

37. Plaintiff Peco, while working as a Lead Technician, did not direct the work or supervise 2 or more full time employees; did not perform annual job reviews, was not involved in hiring and firing of employees or contractors.

38. Plaintiff's job as a Lead Tech did not involve him signing contracts on Defendants' behalf or primarily involve the exercise of discretion and independent judgment in matters of significance affecting the company.

39. The jobs of the techs and lead techs were akin to "production", providing the services of the company to the customers, as its business was to provide cable, telephone and internet services of Spectrum (and formerly Bright House Networks).

40. Throughout Plaintiff's period of time at issue here working for Defendants as a Lead Tech, Defendants did not require him to clock and record all his work hours as required by the FLSA.

41. Defendants have maintained a scheme and plan to avoid paying overtime compensation to Cable Installers by misclassifying them as exempt from overtime pay, despite decision by the DOL and the 11th Circuit Court in the *Scantland FLSA collective action case,* effectively concluding that cable installers were employees.

42. Defendants here likewise have engaged in a scheme to avoid paying overtime premiums to Lead Techs, including plaintiff, for the hours worked in excess of 40 in a workweek for the sole purpose of increasing profits.

43. Defendants' managers, supervisors and officers are well aware that the workload and position of a Cable Installer and Lead Tech required Plaintiffs to routinely work more than 40 hours in a workweek to complete the routes and jobs assigned and the job duties and responsibilities.

44. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation at the appropriate legal rate for all hours he worked beyond 40 hours in workweeks and this is a willful violation of the FLSA, particularly 29 U.S.C. § 207.

45. Defendants' foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. Defendants cannot, and do not, have a good faith basis under the FLSA for its willful actions and conduct of not paying Plaintiff a premium for all overtime hours worked in each and every workweek at the correct and lawful rates under the FLSA.

47. Defendants have willfully violated Section 207 of the FLSA in order to increase profits and save labor costs to the tune of potentially many millions of dollars over the past three (3) years and wages stolen including from Misclassified independent contractor cable installers and lead technicians.

48. As a direct result of Defendants' unlawful, willful FLSA pay practices complained of herein, Plaintiff Peco has suffered damages, and theft of his lawfully entitled wages.

49. Plaintiff is entitled to recover from Defendants the unpaid, and underpaid overtime compensation due and owing for all hours worked in excess of 40 in each and every workweek, and an equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**WHEREFORE** Plaintiff JUSTIN PECO demand judgment against Defendants for all unpaid and underpaid overtime wages due and owing, plus an

equal sum in liquidated damages, payment of their incurred attorneys' fees and costs pursuant to § 216 of the FLSA, and any other relief in equity this court deems just and fair.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated August 11, 2021.

    Respectfully submitted.

    */s/Mitchell Feldman*.
    Mitchell Feldman, Esq.
    Feldman Legal Group
    6916 W. Linebaugh Ave #101
    Tampa, FL 33625
    mfeldman@flandgatrialattorneys.com
    tel 813 639-9366
    fax: 813 639-9376
    *Counsel for Plaintiffs*

    */s/ Benjamin Lee Williams*
    Benjamin Lee Williams, Esq.
    Florida Bar No. 0030657
    **WILLIAMS LAW P.A.**
    464 Sturdivant Ave
    Atlantic Beach, FL 32233
    E-Mail: bwilliams@williamslawjax.com
    Tel: 904-580-6060
    Fax: 904-417-7494
    *Co-counsel for Plaintiffs*